The **STATE OF OKLAHOMA** ex rel. Vernon C. **FIELD**, District Attorney of Comache County, Oklahoma, Plaintiff,

v.

Steven Rellon **HESS**, dba Venus Book Mart, Defendant.

Civ. No. 73-509-D.

United States District Court, W. D. Oklahoma, Civil Division.

Aug. 13, 1973.

 

Vernon C. Field, Lawton, Okl., for plaintiff.

Don E. Gasaway, Tulsa, Okl., Paul Blevins, Pryor, Okl., J. W. Doolin, Lawton, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

In this case a Petition for Removal pursuant to 28 U.S.C. § 1443 has been filed in this Court seeking to remove an action pending in the District Court of Comanche County, Oklahoma. The State action is civil in nature and is brought by the State District Attorney seeking an injunction to abate an alleged public nuisance. In particular, it is therein alleged that the Defendant (Applicant or Petitioner here) has violated and continues to violate provisions of the Oklahoma Statutes relating to the sale of obscene and indecent books and magazines. The State action was filed on July 25, 1973 and the Plaintiff sought and was granted a Temporary Restraining Order closing and padlocking Defendant's bookstore on that date.

On July 27, 1973, the Defendant as Applicant herein filed the Petition for Removal to this Court. In said Petition for Removal the Applicant states:

"The above described action is a civil action which may be removed to this Court by the petitioner pursuant to the provisions of 28 U.S.C., Section 1443 in that petitioner can not enforce in the Courts of the State of Oklahoma a right under the free speech and press provisions of the Constitution of the United States in that:"

In his Petition for Removal, the relief sought by Applicant is that the action in the State Court "be hereby removed to this Court for the reasons set forth herein." A Motion to Remand does not appear proper as the State Court action has not been removed from the State Court to this Court. The Court will treat the requested relief as a Motion for Removal.

28 U.S.C.A. § 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced

in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;"

In the case of Georgia v. Rachel, 384 U.S. 780, at page 792, 86 S.Ct. 1783, at page 1790, 16 L.Ed.2d 925 (1966) the scope of permissible removal under 28 U.S.C.A. § 1443 was set out as follows:

"On the basis of the historical material that is available, we conclude that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands. As the Court of Appeals for the Second Circuit has concluded, § 1443 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights . . .' 'When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal

rights in the sense, vital to our way of life, of bestowing them upon all.' New York v. Galamison [2 Cir.] 342 F.2d 255, 269, 271. . . ."

Naugle v. State of Oklahoma, 429 F.2d 1268 (Tenth Cir. 1970) was a case involving a Petition to remove a pending criminal prosecution from state court to Federal Court, in which it was held that the Petition was properly denied. The court stated:

". . . '[S]ection 1443 does not make the federal courts the sole keepers of the constitutional conscience. The statute does not authorize removal to protect the broad guarantees of the constitution.' Miller v. Wade, 420 F.2d 489 at 490 (5th Cir. 1969). The Sixth Amendment right to a speedy trial is just such a broad constitutional guarantee, of general application to all citizens, and not, in the language of the removal statute, a 'law providing for the equal civil rights of citizens * * *.' City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); and McClanahan v. State of Louisiana, 399 F.2d 695 (5th Cir. 1968)."

In State of New Mexico v. Torres, 461 F.2d 342 (Tenth Cir. 1972) the court, in affirming an order remanding a case which has been removed to the United States District Court from a State Court under 28 U.S.C.A. § 1443, stated the rule to be:

"Removal is available only when the defendant can claim rights under a law providing for specific civil rights in terms of racial equality."

█ In the case at bar, the purported grounds for removal are based on Constitutional rights of general application to all citizens. No claim is made re-

garding a violation of rights in terms of racial equality. The Petition for Removal clearly fails to meet the requirements as outlined by the authorities above cited.

The Petition for Removal also states:

"Court action is also removed pursuant to 28 U.S.C. Section 1441(B) (sic) in that it is an action in which the U. S. District has original jurisdiction founded on a claim or right arising under the constitution, treaty and/or laws of the United States in that:

"(a) The U. S. District Courts have jurisdiction under 28 U.S.C. 1343 to redress the deprivation of civil rights of petitioner to-wit, a denial of his rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States."

28 U.S.C.A. § 1441 entitled Actions Removable Generally, provides in Section (b):

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * *"

An examination of the Petition filed in the District Court of Comanche County, Oklahoma which Applicant seeks to remove to this court shows that same is an action to abate a nuisance in accordance with Title 50 of the Oklahoma Statutes. It is not an action founded on a claim or right arising under the Constitution, treaties and/or laws of the United States. This Court would not have original jurisdiction of this action based on a claimed violation of a State nuisance law. Therefore, the other removal authority cited by Applicant is not applicable.

The Petition for Removal is denied.