**COMMONWEALTH OF VIRGINIA,**
**Appellee,**
**v.**
**Harold Lee JONES, Appellant.**
**No. 10117.**

United States Court of Appeals
Fourth Circuit.

Argued March 8, 1966.

Decided Sept. 26, 1966.

Howard H. Carwile, Richmond, Va., for appellant.

James B. Wilkinson, Commonwealth's Atty., for City of Richmond (T. Gray Haddon, Asst. Commonwealth's Atty., for City of Richmond, on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM:

Appellant, Harold Lee Jones, a Negro convict incarcerated in the Virginia State Penitentiary, stands indicted in the Circuit Court of the City of Richmond, charged with killing a prison guard. He filed a petition for removal of the pro-

ceedings there pending against him to the District Court claiming the right of removal under the provisions of 28 U.S.C § 1443(1) (1964). That statute permits removal of a criminal prosecution by a defendant "who is denied or cannot enforce in the courts of * * * [a] State a right under any law providing for the equal civil rights of citizens of the United States * * *." The removal petition alleges that in Virginia the death penalty is invoked almost exclusively against Negroes, that Negroes are by custom excluded from juries, and that he cannot enforce in the courts of that State his rights to be free from subjection to these discriminatory practices. The District Court granted the State's motion to remand and we affirm.

While the Supreme Court has narrowly construed the section 1443(1) phrase —"law providing for * * * equal civil rights,"—State of Georgia v. Rachel, (June 21, 1966), 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, the removal petition asserts a deprivation of rights which are embodied in a statute which we assume qualifies as such a "law." 42 U.S. C. § 1981 (1964), the present version of section 1 of the Civil Rights Act of 1866, 14 Stat. 27, provides:

> "All persons within the jurisdiction of the United States shall have the same right in every State * * * to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed *by white citizens*, and shall be subject to *like punishment*, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." (Emphasis added.)

The Civil Rights Act of 1966 has been construed as conferring upon defendants a right to the selection of jurors on a nonracial basis. Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1879). In City of Greenwood v. Peacock, (June 21, 1966), 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed. 944, the Supreme Court proceeded on the premise that 42 U.S.C. § 1981 qualifies as a "law providing for * * * equal civil rights" within the meaning of section 1443(1).

Nevertheless, under section 1443(1) the vindication of a defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal *law* that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. City of Greenwood v. Peacock, supra. See and compare State of Georgia v. Rachel, supra. Accordingly, Jones' claim of the right of removal on the ground that, because of the *custom* in Virginia of excluding Negroes from juries, he cannot enforce his right to a nondiscriminatory selection of jurors must fail. There is no state or federal law which provides a clear basis of prediction, in advance of his trial, that this right will be denied him in the state courts. Strauder v. State of West Virginia, supra, in which removal was permitted on a claim that the petitioner could not enforce his right to a nondiscriminatory selection of a jury, involved a state statute which barred Negroes from jury service. Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368 (1952), relied upon by appellant, in no way sanctions the exclusion of Negroes from juries. Commonwealth v. Wallace, 357 F.2d 105 (4 Cir.), aff'd per curiam, 384 U.S. 891, 86 S.Ct. 1916, 16 L.Ed.2d 996 (June 20, 1966).

For the same reason, appellant cannot succeed on his claim of inability to enforce in Virginia's courts his right to be free of racially motivated unevenness in the imposition of punishment for criminal convictions. In fact, Virginia law clearly permits no discrimination whatsoever in the matter of punishment meted out to one convicted of killing a prison guard. By Va.Code Ann. § 53–293 (Supp.1964), the death penalty is mandatory for anyone convicted of such crime.

Affirmed.