**Bruce E. MILLER, Plaintiff-Appellant,**

v.

**Henry WADE and his Agents et al., Defendants-Appellees.**

**No. 27249**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1969.

Bruce E. Miller, pro se.

Malcolm Dade, Asst. Dist. Atty., Dallas County, Tex., CaMille Elliott, Dallas, Tex., Henry Wade, Crim. Dist. Atty., Dallas County, Tex., for appellees.

Before GEWIN, GOLDBERG AND DYER, Circuit Judges.

PER CURIAM:

Bruce E. Miller appeals to this court from a denial of his removal petition filed pursuant to 28 U.S.C.A. § 1443. It appears that appellant is presently incarcerated in the Dallas County Jail in Dallas, Texas, awaiting trial for automobile theft. He alleges numerous constitutional deprivations in support of this removal petition, including an unreasonable search and seizure and an excessively long period of detention awaiting trial. We find, however, no suggestion, implicit or explicit, that Miller's civil rights in terms of racial equality were threat-

ened, invaded or jeopardized. Therefore, since no conceivable stretch of section 1443 embraces his case, we affirm.[1]

As the Supreme Court made explicitly clear in City of Greenwood, Miss. v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, and Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, section 1443 does not make the federal courts the sole keepers of the constitutional conscience. The statute does not authorize removal to protect the broad guarantees of the constitution. In *Rachel* the Court construed section 1443 to authorize removal only to protect "specific civil rights stated in terms of racial equality." 384 U.S. at 792, 86 S.Ct. at 1790. Since the appellant has failed to allege any racial inequality, the twin hinges of *Peacock* and *Rachel* firmly close the door to removal.

Affirmed.

---

[1]. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.