Ronald L. **NAUGLE**, Appellant,

v.

**STATE OF OKLAHOMA** et al.,
Appellees.

No. 144–70.

United States Court of Appeals,
Tenth Circuit.

Aug. 25, 1970.

H. L. McConnell, Asst. Atty. Gen., and H. T. Blankenship, Atty. Gen., for appellees.

Ronald L. Naugle, pro se.

Before LEWIS, Chief Judge and PICKETT, Circuit Judge, and KERR, District Judge.

PER CURIAM.

Naugle appeals from denial of a petition to remove a pending criminal prosecution from the district court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. The asserted ground for removal, sought under 28 U.S.C. § 1443, is that he has been denied his Sixth Amendment right to a speedy trial, and is unable to enforce that right in the state court.

In July, 1965, upon a plea of guilty to a bank robbery charge, Naugle was sentenced by an Oklahoma federal court to a term of ten years. The state charge was filed in August, 1965, and a detainer lodged against him in federal custody the following month. He is presently confined in the United States Penitentiary, Leavenworth, Kansas.

In Naugle v. State of Oklahoma, 375 F.2d 424 (10th Cir. 1967), he sought habeas relief on the ground he had been denied a speedy trial and equal protection of the laws, asserting that the State of Oklahoma afforded speedy trials to prisoners held outside the state, but facing Oklahoma charges, only to those prisoners financially able to pay the cost of their transportation to Oklahoma for trial from their place of imprisonment. We held the claim must first be presented to the state courts. In Naugle v. Fellman [State of Oklahoma], 450 P.2d 904 (Okl.Cr.App.1969), the court held that Naugle was entitled to a prompt and speedy trial, and that the prosecuting attorney had a duty to make a diligent, good-faith effort to bring Naugle before the state district court for trial, regardless of his financial inability to pay the costs thereof.

Once returned to the state, he filed an original habeas petition with the state court of criminal appeals, seeking discharge from the pending prosecution on

the ground he had already been denied a speedy trial. The court refused the writ. Application of Naugle, 457 P.2d 823 (Okl.Cr.App.1969).

He seeks essentially the same relief in this proceeding, for he asked that upon removal, the federal district court enter an order dismissing the charge or barring prosecution thereunder, on the ground that he is unable to enforce his Sixth Amendment right to a speedy trial in the state courts.

■ Title 28, U.S.C. § 1443(1) permits removal of criminal prosecutions "[a]gainst any person who is denied and cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." "[S]ection 1443 does not make the federal courts the sole keepers of the constitutional conscience. The statute does not authorize removal to protect the broad guarantees of the constitution." Miller v. Wade, 420 F.2d 489 at 490 (5th Cir. 1969). The Sixth Amendment right to speedy trial is just such a broad constitutional guarantee, of general application to all citizens, and not, in the language of the removal statute, a "law providing for the equal civil rights of citizens * * *." City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); and McClanahan v. State of Louisiana, 399 F.2d 695 (5th Cir. 1968).

■ Removal was sought under 28 U.S.C. § 1443, and accordingly, the order denying the petition and causing remand of the case to state court was appealable. Bohlander v. Independent School District Number One of Tulsa County, Oklahoma, 420 F.2d 693 (10th Cir. 1969).

Naugle was notified that the court was considering summary affirmance, and thereafter appellee filed a motion to affirm, pursuant to the Revised Rules of this court, effective January 1, 1970.

Naugle has taken the opportunity afforded him to file a response to appellee's motion. Examination of the file and records in this case prompts the conclusion, however, that the question presented is so unsubstantial as not to warrant further argument.

Accordingly, the motion of appellee is granted, and the judgment of the district court is affirmed.