451 F.2d 155
 COMMONWEALTH OF PENNSYLVANIA ex rel. Nancy R. GITTMAN
v.
Cole Y. GITTMAN, Jr., Defendant, Petitioner. (Court of
Common Pleas of Delaware County, Penna. Criminal
Action-Law, No. F16-83, Sept. Term,
1970), Appellant in No. 71-1290.
COMMONWEALTH OF PENNSYLVANIA ex rel. Nancy R. GITTMAN
v.
Cole L. GITTMAN, Jr., Petitioner. (Defendant, Court of
Common Pleas of Delaware County, Penna. Criminal
Action-Law, No. F-16-83, Sept. Term,
1970. In Contempt), Appellant
 in No. 71-1291.
 Nos. 71-1290, 71-1291.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 13, 1971.
Decided Nov. 9, 1971.
 
 Cole Y. Gittman, Jr.,pro se.
 Ralph B. D'Iorio, Asst. Dist. Atty., Media, Pa. (William R. Toal, Jr., First Asst. Dist. Atty., Stephen J. McEwen, Jr., Dist. Atty., Media, Pa., on the brief) for appellee.
 Before STALEY, ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Appellant Cole Gittman, Jr., was sued by his wife under 18 P.S. Sec. 4733[1] for the support and maintenance of his three minor children who reside with her in Pennsylvania. He has claimed that the proceedings required by the State of Pennsylvania in such cases are essentially criminal in nature but fail to guaranty a defendant various constitutional rights.
 
 
 2
 Pursuant to 28 U.S.C. Sec. 1443,[2] the civil rights removal statute, appellant filed a petition to remove the support action filed against him by his wife in the Court of Common Pleas of Delaware County, Pennsylvania, to the District Court for the Eastern District of Pennsylvania. The district court, without a hearing, found that appellant had failed to show he could not enforce his civil rights in the state court. The petition was denied, giving rise to this appeal.
 
 
 3
 Taking all the allegations of the petition as true, Gittman has failed to make out a case for removal under Section 1443 as interpreted by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). He has failed to present in his petition any basis for an assertion that he will be denied his equal rights in the Pennsylvania state courts. The case is merely a matrimonial dispute. A removal petition under Section 1443 must allege a specific right under a law in terms of racial equality and a denial of that right in state court. Georgia v. Rachel, supra, 384 U.S. at 792, 86 S.Ct. 1800. Gittman's petition does neither. See Dillard v. Family Court, Queens County, 404 F.2d 404 (2d Cir. 1968).
 
 
 4
 Gittman has also failed to make out a case under Section 1441, for on the face of the complaint in this matrimonial controversy there is not a substantial federal question. Gully v. First National Bank of Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In any case, a decision on removal under Sec. 1441 is not appealable under 28 U.S.C. Sec. 1447(d).
 
 
 5
 Although the district court held that appellant's petition was "denied," this court deems that the purport of his order was to remand this case to the Court of Common Pleas of Delaware County. On that basis, the decisions below will be affirmed.
 
 
 6
 Because of our disposition of this case, we do not consider the merits of appellant's contentions[3] or his demands for extraordinary relief from the actions of the state court.
 
 
 
 [1]
 18 P.S. Sec. 4733 provides, inter alia, that:
 "The said court, after hearing in a summary proceeding, may order the person against whom complaint has been made or petition filed, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both, * * * and to commit such person to prison, there to remain until he shall comply with such order, or give security, * * * in such sum as the court shall direct for the compliance therewith."
 
 
 [2]
 28 U.S.C. Sec. 1443 provides:
 "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
 (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
 (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. June 25, 1948, c. 646, 62 Stat. 938."
 
 
 [3]
 As this court recently pointed out in Commonwealth of Pennsylvania ex rel. Rothenberg (Beers) v. Beers, 450 F.2d 783 (1971) in which it was concerned with a similar issue, our denial of removal does not necessarily "imply that the potentially important federal rights asserted in [the] petition may never be heard in a federal court. Rather we hold solely that removal under 28 U.S.C. Sec. 1443(1) is not the proper vehicle for obtaining a federal forum."