STATE OF NORTH CAROLINA, Appellee,

v.

Lyman GRANT, Appellant.

Lyman Eugene GRANT, Jr., Appellant,

v.

STATE OF NORTH CAROLINA and Greene County Superior Court, Snow Hill, North Carolina, Appellee.

Nos. 71-1628, 71-1767.

United States Court of Appeals, Fourth Circuit.

Jan. 7, 1972.

J. Harvey Turner, Kinston, N. C., on brief for appellant Lyman Grant.

J. Harvey Turner and C. E. Gerrans, Kinston, N. C., on brief for appellant Lyman Eugene Grant, Jr.

Before BOREMAN, Senior Circuit Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Lyman Grant, appellant in No. 71–1628, and his son, Lyman Eugene Grant, Jr., appellant in No. 71–1767, sought to remove certain criminal prosecutions from the state to the federal courts under the Civil Rights Removal Statute, 28 U.S.C. § 1443. The issues presented in these appeals are the same and the cases will be considered together. Appellants now contend that the district court erred in remanding these prosecutions to the state court without holding an evidentiary hearing.

### No. 71–1628

On January 11, 1971, the Grand Jury of the Superior Court of Lenoir County, North Carolina, returned nine separate indictments charging the appellant, Lyman Grant, with larceny. On March 15, 1971, Grant filed a petition in the federal district court pursuant to 28 U.S.C. § 1443 seeking the removal of the criminal proceedings from the state court to the district court. On May 18, 1971, the State of North Carolina filed a Motion To Remand. The district court, without a hearing, remanded the case to the state court on May 20, 1971.

In his removal petition Grant alleges that:

(1) When he entered pleas of not guilty to indictments charging him with receiving stolen goods, the solicitor moved the court to amend the warrant to charge him with larceny;

(2) The prosecutions are politically motivated by the Sheriff of Lenoir County and tentative witnesses of the state in these cases have been promised certain rewards;

(3) The Sheriff made statements during a political campaign to the effect that he was going to "close-up" his (Grant's) business; and

(4) There has been an undue amount of adverse publicity by local radio and newspapers.

### No. 71–1767

Lyman Eugene Grant, Jr., was charged in the Greene County, North Carolina, Superior Court with First Degree Burglary, Armed Robbery and Kidnapping in April of 1971. On June 21, 1971, Grant filed a petition in the federal district court pursuant to 28 U.S.C. § 1443 seeking the removal of the criminal proceedings against him from the state court to the district court. On the same day the State of North Carolina filed a Motion for Remand. The district court, without a hearing, remanded the case to the state court on July 9, 1971.

In his removal petition Grant, Jr., alleges:

(1) That a Deputy Sheriff of Greene County is using the charges against Petitioner in an effort to be elected as Sheriff of said county;

(2) That the description of those purporting to have committed the crime with which Petitioner is charged does not fit this Petitioner;

(3) That the State of North Carolina has refused to produce at Petitioner's demand all evidence in its possession or knowledge favorable to Petitioner;

(4) That the Petitioner does not know whether or not the State will put him on trial for his life;

(5) That the Clerk of the Superior Court of Greene County refused to accept Petitioner's appearance bond on his petition for writ of habeas corpus without the same being secured by a first deed of trust;

(6) That Petitioner has been subjected to harassment while in jail; and

(7) That the Assistant Solicitor improperly caused subpoenas to be issued to possible defense witnesses.

■ For the purposes of this appeal, the separate allegations contained in each removal petition must be taken as true since the order remanding each case was entered without a hearing. Cooper v. Alabama, 353 F.2d 729 (5 Cir. 1966). However, even if accepted as true, the allegations in neither petition are sufficient to justify removal of a state prosecution to a federal district court under § 1443.

The appellants are not entitled to remove their state prosecutions by virtue of subsection 2 of 28 U.S.C. § 1443, since this subsection is only available to federal officers "and to persons assisting such officers in the performance of their official duties." City of Greenwood v. Peacock, 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1965). Neither appellant is a federal officer and neither contends that he was in any way assisting a federal official in the performance of his duties. Therefore, if either appellant is entitled to removal it could only be by virtue of subsection 1 of § 1443.

■ Subsection 1 affords a right of removal to any person who is denied or cannot enforce in the courts of a state "a right under any law, providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court in Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1965), stated that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." Section 1443, therefore, " 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights. . . .' " Georgia v. Rachel, *supra* at 792, 86 S.Ct. at 1790, citing, New York v. Galamison, 342 F.2d 255, 269 (2 Cir. 1965).

In the present cases, neither appellant seeks the protection of any law which provides for specific civil rights stated in terms of racial equality. Both appellants are Caucasian. Lyman Grant is charged with larceny and his son, Lyman Eugene Grant, Jr., is charged with burglary, kidnapping, and armed robbery. The separate allegations contained in the petition of each appellant refer to possible violations of their respective rights to a fair trial and fundamental due process in the state courts. Such assertions cannot support a valid claim for removal under 28 U.S.C. § 1443(1).

■ The district court committed no error in remanding the proceedings in these cases to the state court without an evidentiary hearing. The Motions for Remand filed by the state placed in issue the legal sufficiency of the allegations contained in the petitions for removal. An examination of each petition shows that the allegations therein are clearly insufficient since it appears to a certainty that neither appellant is entitled to removal under any state of facts which could be proved in support of his claim. Commonwealth of Pennsylvania v. Leonard, 315 F.Supp. 215 (W.D.Pa. 1970); 2A J. Moore, Federal Practice ¶ 12.08 at 2274; see also South Carolina v. Moore, 447 F.2d 1067 (4 Cir. 1971).

Accordingly, we dispense with oral argument and affirm.

Affirmed.