**STATE OF NEW MEXICO,**
Petitioner-Appellee,

v.

Gene J. TORRES, Respondent-Appellant.

No. 72-1260.

United States Court of Appeals,
Tenth Circuit.

June 9, 1972.

Lorenzo E. Tapia, Joseph D. Beaty, Albuquerque, N. M., for appellant.

Donald J. Wilson, Albuquerque, N. M., for appellee.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

This is an appeal from dismissal of a petition for removal to the United States District Court for the District of New Mexico. Torres presently stands charged with a state offense in Criminal Cause No. 9305, pending in the District Court for the Second Judicial District, County of Bernalillo, State of New Mexico. Seeking removal under 28 U.S.C. § 1443, Torres alleged that more than one year and two months have elapsed since a prior mistrial was declared in his case. The case has been reset for trial, but in the interim the New Mexico Supreme Court and the New Mexico Legislature have adopted rules and statutes providing for dismissal of indictments in certain unduly delayed trials. However, the State has declined to hold these provisions retroactive. Torres contends that the failure to apply these new rules retroactively is a denial of equal protection, in that it discriminates against defendants who were indicted prior to the effective date of the rules. Without holding an evidentiary hearing, the district court remanded the cause to the state court.

■ Title 28 U.S.C. § 1443(1) permits removal of criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal is available only when the defendant can claim rights under a law providing for specific civil rights in terms of racial equality. Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); Georgia v. Spencer, 441 F.2d

397 (5th Cir. 1971), cert. denied 403 U. S. 934, 91 S.Ct. 2265, 29 L.Ed.2d 714 (1971). "The statute does not authorize removal to protect the broad guarantees of the constitution." Miller v. Wade, 420 F.2d 489, 490 (5th Cir. 1969), cert. denied 397 U.S. 1068, 90 S.Ct. 1509, 25 L.Ed.2d 690 (1970); Naugle v. Oklahoma, 429 F.2d 1268 (10th Cir. 1970).

■ Upon docketing, this case was assigned to the summary calendar. Appellant has filed a memorandum in opposition to summary affirmance. Nonetheless, a careful review of the files and records in this cause convinces us that there is no need for further argument and that the judgment of the district court is correct.

Affirmed.