### The BAR ASSOCIATION OF BALTIMORE CITY

v.

### Harold POSNER.

### Civ. No. B–74–893.

United States District Court,
D. Maryland.

Jan. 6, 1975.

Supplemental Memorandum Jan. 28, 1975.

Patrick A. O'Doherty, Baltimore, Md., for plaintiff.

Harold Posner, in pro. per.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

On July 17, 1974, the Bar Association of Baltimore City filed charges with the Court of Appeals of Maryland alleging professional misconduct by petitioner, Harold Posner. On July 29, 1974, the Chief Judge of the Court of Appeals signed an order appointing a three-judge panel of the Supreme Bench of Baltimore City and directing it to hear the charges against Posner. Subsequently, Posner was served with copies of the charges against him and the order signed by Chief Judge Murphy. He was directed to answer the charges within 15 days. However, instead of answering the charges in the state court, Posner filed a petition for removal of the case from state court to this federal court, purportedly under the authority of 28 U.S. C. § 1443(1). In response to that petition for removal, the Bar Association of Baltimore City filed a "Motion to Dismiss . . . Or, In the Alternative, To Remand the Case to the Court of Appeals of Maryland." At the request of this court, both parties have filed memoranda of points and authorities concerning the Bar Association's motion.

According to his petition for removal, as amended, "Harold Posner is denied his civil rights under Title 28, U.S.C. sec. 1443(1) [and] 42 U.S.C. sec. 1983, in the courts of the State of Maryland." The civil rights which Posner claims are denied him by the Maryland courts—and by the Bar Association Grievance Committee—are several. First, he alleges that the Bar Association "has a double standard when it concerns wealthy and influential attorneys and members of large law firms, who are faced with complaints of unethical conduct . . ., as opposed to small lawyers such as . . . Posner." Second, he asserts that the Bar Association failed to comply with state procedural requirements. Third, he claims "that most charges against said Petitioner Posner go back 8 to 10 years which is ridiculous." The alleged age of the charges, he believes, violates the constitutional bar against cruel and unusual punishment. Fourth, he alleges that the Bar Association Grievance Committee denied him the opportunity to cross-examine witnesses against him and ignored exculpatory evidence. Fifth, and finally, he asserts that "a number of the charges . . . are made-up, and are not supported by any of the wildest allegations against said Petitioner." These alleged bases for removal may be grouped into two classes: (1) denial of equal protection of the laws due to discriminatory enforcement, including the making of false charges, and (2) assorted claims of denials of due process.

### Judicial Interpretation of § 1443(1)

Under the terms of subsection (1) of the civil rights removal statute, 28 U.S.C. § 1443(1),[1] and the decisions which interpret that statute, it is patent that the Bar Association's motion to remand this case to the state tribunal must

---

1. Section 1443(1) provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; . . . .

be granted, since it appears conclusively "that the case was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). None of petitioner's allegations fit the narrow range of cases which may be removed under Section 1443(1).[2] Of course, for purposes of this motion this court assumes the truth of all well-pleaded allegations. *See* State of North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir. 1972); Commonwealth of Pennsylvania ex rel. Gittman v. Gittman, 451 F.2d 155 (3d Cir. 1971).

▇▇ Removal of a civil action or criminal prosecution[3] from a state court to a federal court is permitted only in an extremely narrow range of cases. Indeed, it may be accomplished only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law" that the petitioner's federal rights "will inevitably be denied" if the case is not removed. Greenwood v. Peacock, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966); Commonwealth of Virginia v. Jones, 367 F.2d 154, 155 (4th Cir. 1966). *See* Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).[4] Two broad restrictions upon removal under § 1443(1) appear on the face of that statute. First, removal is limited to cases involving "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," and, second, the petitioner for removal must show that he "is denied or cannot enforce [such a right] in the courts of such State."

The statutory restriction of removal to cases involving federal rights which are derived from "any law providing for . . . equal rights" has been strictly construed. It "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights." Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966) (quoting with favor from New York v. Galamison, 342 F.2d 255, 269 (2d Cir.), cert. denied, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965)). More specifically, the Supreme Court has held that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of *racial* equality." Georgia v. Rachel, *supra,* 384 U.S. at 792, 86 S.Ct. at 1790 (emphasis added). *See* State of North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir. 1972); Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 535 (6th Cir. 1970), cert. denied, 401 U.S. 939, 91 S.Ct. 936, 28 L.Ed. 2d 219 (1971). Thus, removal has been held improper in a variety of cases involving alleged infringements on fundamental federal rights. For example, it has been held that removal was inappropriate where petitioners have alleged

---

2. 28 U.S.C. § 1443(2) permits removal of civil and criminal cases by federal officers and their assistants acting under color of such federal laws as provide for equal rights. *See* Greenwood v. Peacock, 384 U.S. 808, 813, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Posner does not contend that it is applicable in this case.

3. In Alaska Bar Ass'n v. Dickerson, the district court remanded a disciplinary proceeding to the Alaska Bar Association Grievance Committee on the ground that a proceeding before that committee was "not a civil action within the contemplation of the federal removal statute." 240 F.Supp. 732, 734 (D. Alaska 1965) (applying 28 U.S.C. § 1441 (a)). However, in this case, because the disciplinary action against Posner had been commenced in a state court, prior to removal, this court will treat it as a "civil action" under § 1443.

4. Section 1443(1) draws no distinction between civil and criminal cases in the standards to be applied in judging the sufficiency of petitions for removal. Furthermore, this court has been able to find no decision which states that different standards are to be applied to removing civil, as opposed to criminal, cases. In any event, bar disciplinary proceedings are "adversary proceedings of a quasi-criminal nature." In Re Ruffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L. Ed.2d 117 (1968). Thus, this court has no hesitancy in relying on cases involving the attempted removal to federal court of criminal prosecutions, even though this disciplinary proceeding is technically civil in nature.

infringement on their freedom of speech, on their right to speedy trial, on their freedom from unreasonable search and seizure, and on their right to a fair trial. *See* Greenwood v. Peacock, 384 U.S. 808, 825, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) (freedom of speech); State of North Carolina v. Grant, *supra*, 452 F.2d at 782 ("rights to a fair trial and fundamental due process"); People of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970), cert. denied, 402 U.S. 909, 91 S.Ct. 1381, 28 L.Ed.2d 649 (1971) (freedom of speech); Naugle v. State of Oklahoma, 429 F.2d 1268 (10th Cir. 1970) (right to speedy trial); Miller v. Wade, 420 F.2d 489, 490 (5th Cir. 1969), cert. denied, 397 U.S. 1068, 90 S.Ct. 1509, 25 L.Ed.2d 690 (1970) (freedom from unreasonable search and seizure and right to speedy trial). Furthermore, jurisdiction has been held to be absent under § 1443(1) where denial of "equal civil rights" was alleged, but along *nonracial* lines. *See* State of North Carolina v. Grant, *supra* (alleged discriminatory prosecution of whites for political reasons); Bass v. State of Mississippi, 381 F.2d 692, 696–97 (5th Cir. 1967) (sex discrimination in statutory exclusion of women from juries).

The second limitation upon removal under § 1443(1), which restricts removal to only those defendants who are "denied or cannot enforce [their equal civil rights] in the courts of such State," has also been strictly construed. Even assuming that the petitioner in removal properly alleges a potential denial of "equal civil rights," he still must either specify a present denial of those rights or clearly predict an inevitable denial "by reason of the operation of a pervasive and explicit state or federal law." State of South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971); Commonwealth of Virginia v. Jones, 367 F.2d 154, 155 (4th Cir. 1966). To satisfy this requirement, the petitioner in removal must take either of two approaches:

> The defendant must show [either] that there is a basis for a firm predic-

tion that such rights [of racial equality] will be denied in the state court or that the pendency of the prosecution without more, is a deprivation of such a federally protected right. It is not enough to show that he has a defense with more or less hope of its successful assertion in an impartial tribunal; he must show that his federally secured right of racial equality is denied by the pendency of the proceeding or "by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by . . . bringing the defendant to trial in the state court."

State of South Carolina v. Moore, *supra,* 447 F.2d at 1070.

■ For a defendant to satisfy the first alternative, that is, to demonstrate that he is "denied or cannot enforce" a federal right of racial equality because of the very fact of the state prosecution, the defendant must show (1) that he had a federal statutory right to engage in the conduct which is the basis for the state prosecution and (2) that he has "the further federal statutory right that no State should even attempt to prosecute [him] for [his] conduct." Greenwood v. Peacock, 384 U.S. 808, 826, 86 S.Ct. 1800, 1811, 16 L.Ed.2d 944 (1966); Georgia v. Rachel, 384 U.S. 780, 804–05, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). Thus, in Georgia v. Rachel, *supra,* the Supreme Court approved removal of a state prosecution for criminal trespass, because the only conduct upon which the prosecution was based—refusing to desist from peacefully attempting to be served at a private restaurant open to the general public—was expressly authorized by the Civil Rights Act of 1964 and was immunized from state prosecution. *See* Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). Under such circumstances, the Court concluded, "[t]he burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964 . . . .."

Georgia v. Rachel, *supra*, 384 U.S. at 805, 86 S.Ct. at 1797.

■■ Alternatively, to firmly "predict" that he will inevitably be denied his "equal civil rights" by continuation of the prosecution in state courts, the petitioner in removal must "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." People of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970), cert. denied, 402 U.S. 909, 91 S.Ct. 1381, 28 L.Ed.2d 649 (1971). It is not enough "that a denial of rights of equality may take place and go uncorrected at trial." Georgia v. Rachel, 384 U.S. 780, 800, 86 S.Ct. 1783, 1794, 16 L.Ed.2d 925 (1966). Removal may not be accomplished "simply because of an apprehension that the state court will not afford him justice." Thompson v. Brown, 434 F.2d 1092, 1095 (5th Cir. 1970). Even a showing that racial discrimination in violation of federal statutory rights is practiced by long standing "custom" will not suffice for removal under § 1443(1). Commonwealth of Virginia v. Jones, 367 F.2d 154, 155 (4th Cir. 1966). *See* Commonwealth of Virginia v. Wallace, 357 F.2d 105 (4th Cir.) (en banc), aff'd per curiam, 384 U.S. 891, 86 S.Ct. 1916, 16 L.Ed.2d 996 (1966) (jury discrimination allegedly sanctioned by state supreme court). Nor is removal permissible where the defendant alleges or shows that his equal civil rights "have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges . . . are false, or that the defendant is unable to obtain a fair trial in a particular state court." Greenwood v. Peacock, 384 U.S. 808, 827, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966); State of North Carolina v. Grant, 452 F.2d 780 (4th Cir. 1972); People of State of New York v. Davis,

411 F.2d 750, 754 (2d Cir.), cert. denied, 396 U.S. 856, 90 S.Ct. 119, 24 L.Ed.2d 105 (1969). Thus, for example, removal would be warranted in a case in which a state statute expressly excluded blacks from petit juries, Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1880),[5] but not in a case in which the racial exclusion was effectuated by custom or wrongful acts of officials. Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1880). In sum, if the conduct charged in the prosecution is not itself immunized by federal law from state prosecution,

[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in state courts. A state statute authorizing the denial affords an ample basis for such a prediction.

Georgia v. Rachel, *supra*, 384 U.S. at 800, 86 S.Ct. at 1794.

*Non-removability of Posner's Petition*

■ Under the law, as described above, Harold Posner's petition for removal is hopelessly defective on its face and must be dismissed as having been "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). No evidentiary hearing is required under the circumstances. State of North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir. 1972); Commonwealth of Pennsylvania ex rel. Gittman v. Gittman, 451 F.2d 155 (3d Cir. 1971). And no hearing on the motion is necessary. Local Rule 6.

■ As indicated previously, Posner's allegations may be grouped under two headings: (1) denial of equal protection by discriminatory prosecution and (2) assorted denials of due process. The second group of claims, which includes allegations of state procedural violations, denial of right to confronta-

---

5. By contrast, it has been held that an express statutory exclusion of *women* from juries could not serve as the basis for removal jurisdiction under § 1443(1). Bass v. State of Mississippi, 381 F.2d 692, 696–97 (5th Cir. 1967).

tion (cross-examination), and cruel and unusual punishment, may be dismissed out of hand as never being an appropriate basis for removal under § 1443(1). Each of these claims is predicated generally upon the guarantees of the Due Process Clause of the Fourteenth Amendment. Obviously these are "civil rights" and any denial of them would, of course, be wrong, "[b]ut the reference in § 1443(1) is to 'equal civil rights.'" Greenwood v. Peacock, 384 U.S. 808, 825, 86 S.Ct. 1800, 1811, 16 L.Ed.2d 944 (1966). As stated previously, Section 1443(1) does not broadly authorize removal to protect "the whole gamut of constitutional rights," but permits such removal only narrowly. Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). And, except in those "rare situations" involving inevitable denial of the right of racial equality, any person who is subjected to suit or to prosecution in state court must attempt to vindicate his federal rights without resort to removal. Rights generally guaranteed by the Due Process Clause of the Fourteenth Amendment are not adequate predicates for removal. Georgia v. Rachel, *supra*. As held by the Court of Appeals for the Fourth Circuit in State of North Carolina v. Grant,

> The separate allegations contained in the petition of each appellant refer to possible violations of their respective rights to a fair trial and fundamental due process in the state courts. Such assertions cannot support a valid claim for removal under 28 U.S.C. § 1443(1).

452 F.2d 780, 782 (4th Cir. 1972). Similarly, specific rights applied to the states by the Fourteenth Amendment have been held outside the scope of § 1443(1). As stated in Naugle v. State of Oklahoma.

> "[S]ection 1443 does not make the federal courts the sole keepers of the constitutional conscience. The statute does not authorize removal to protect

the broad guarantees of the constitution." Miller v. Wade, 420 F.2d 489 at 490 (5th Cir. 1969). The Sixth Amendment right to speedy trial is just such a broad constitutional guarantee, of general application to all citizens, and not, in the language of the removal statute, a "law providing for the equal civil rights of citizens * * *."

429 F.2d 1268, 1269 (10th Cir. 1970). *See* Miller v. Wade, 420 F.2d 489, 490 (5th Cir. 1969), cert. denied, 397 U.S. 1068, 90 S.Ct. 1509, 25 L.Ed.2d 690 (1970) (alleged illegal search and seizure and denial of speedy trial not warranting removal).

Consequently, it is evident that if Posner may remove the bar disciplinary proceeding from the courts of the State of Maryland, it must be on the basis of his first allegation, i. e., that of discriminatory enforcement of the rules of ethics. But, here, too, his petition must fail. Section 1443(1) warrants removal only to protect rights guaranteed by "any law providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). Yet Posner neither alleges a denial of *racial* equality nor relies upon any federal law "stated in terms of racial equality." According to Posner, the Bar Association discriminates unconstitutionally by ignoring unethical conduct by "wealthy and influential attorneys and members of large law firms" while actively prosecuting "small lawyers such as . . . Posner." He further asserts that, in his case, "a number of charges are made-up." These contentions raise only a general question of equal protection. *See generally* Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); United States v. Robinson, 311 F.Supp. 1063 (W.D.Mo. 1969). They are not couched in racial terms and thus cannot be the basis for § 1443(1) removal. *See* State of North Carolina v. Grant, 452 F.2d 780 (4th

Cir. 1972) (alleged prosecution for political purposes).[6]

Furthermore, Posner does not rely upon any federal law stated in terms of racial equality. Instead, he relies upon 42 U.S.C. § 1983. That statute is not couched in terms of racial equality, but, rather, it creates a federal remedy for interference by state officers with federal constitutional rights generally.[7] It was singled out by the Supreme Court in Georgia v. Rachel as an example of a federal law which could *not* serve as a predicate for removal. The Court, quoting from New York v. Galamison, 342 F.2d 255, 271 (2d Cir.), cert. denied, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965), wrote

> When the removal statute speaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, . . . of bestowing them upon all.

384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966). And, in Greenwood v. Peacock, the Court described 42 U.S.C. § 1983, not as a basis for removal, but as an alternative remedy to removal for redressing denials of constitutional rights. 384 U.S. 808, 829–30, 86 S.Ct. 1800 (1966).

In addition to his failure properly to allege a denial of his federal "equal civil rights," Posner has not alleged any facts which would support either the conclusion that the conduct charged to him has been immunized by federal law or the conclusion that "by reason of the operation of a pervasive and explicit state . . . law that those rights will inevitably be denied by . . . bringing the defendant to trial in the state court." Greenwood v. Peacock, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966); State of South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971). It would be sheer folly to claim that federal law immunizes attorneys from state disciplinary proceedings based on the sort of breaches of fiduciary duties with which Posner has been charged. Federal law no more confers on attorneys a right to cheat their clients than it confers on demonstrators an absolute right "to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman." Greenwood v. Peacock, *supra*, 384 U.S. at 826–27, 86 S.Ct. at 1812. *See* State of South Carolina v. Moore, *supra*. Also, in alleging discriminatory prosecution without a statutory mandate for such a practice, Posner has failed to provide the necessary foundation for a firm prediction of inevitable denial of his rights by state courts. *See* Frinks v. State of North Carolina, 468 F.2d 639, 643 (4th Cir. 1972), cert. denied, 411 U.S. 920, 93 S.Ct. 1552, 36 L.Ed.2d 314 (1973). Discriminatory prosecution based on the most corrupt of motives will not warrant removal. Even if it is alleged that state courts tacitly permit such discrimination, removal is not permissible. *See* Commonwealth of Virginia v. Wallace, 357 F.2d 105 (4th Cir.) (en banc), aff'd per curiam, 384 U.S. 891, 86 S.Ct. 1916,

---

6. It is true that the petitioner asserts that he is Jewish and "a member of the Semitic race," but, absent any claim that he is being pursued *because* he is Jewish, that statement is a *non sequitur*. Since Posner does not allege that he suffers discrimination because he is Jewish, and since there is an abundance of other defects in his claim of removal jurisdiction this court need not, and does not, address the question of whether anti-semitism could qualify as "racial" discrimination.

7. 42 U.S.C. § 1983 states,
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

16 L.Ed.2d 996 (1966). In the words of the Supreme Court,

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.

In virtually every respect, Posner's petition for removal is defective. This court concludes as a matter of law that removal under 28 U.S.C. § 1443(1) was improper and that this court is without jurisdiction to proceed further. 28 U.S.C. § 1447(c).

For the foregoing reasons, it is this 6th day of January, 1975, ordered that this case be remanded to the courts of the State of Maryland with costs to be paid by Petitioner.

## SUPPLEMENTARY MEMORANDUM AND ORDER

By its Memorandum and Order of January 6, 1975, this court remanded these proceedings to the state court after concluding that Posner's removal of the proceedings to federal court pursuant to 28 U.S.C. § 1443(1) had been improper. On January 15, 1975, Posner filed a notice of appeal to the Fourth Circuit Court of Appeals. Also on January 15, 1975, Posner filed a Motion for a Stay Pending Appeal to the U. S. Court of Appeals.

■ In this Circuit, Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970), sets forth the standards for review of a stay pending appeal. They are that "a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *See also* Airport Comm. of Forsyth County, N.C. v. C.A.B., 296 F.2d 95 (4th Cir. 1961). Of the four factors noted, it appears to this court that the second factor is the only one which arguably could be weighed in Posner's favor. The court has already concluded that the removal of this disciplinary proceeding from state to federal court was without support in law. If the charges against Posner are true, it would appear that other parties would be harmed by a stay and the public interest would not be served. If the charges are not true, early adjudication in an appropriate forum should be in Posner's interest as well. If Posner's contentions with respect to the denial of due process and discriminatory enforcement of disciplinary rules have any foundation in fact, he will be free to assert these anticipated deprivations, should they occur, in state and federal courts at the appropriate time. *See generally* State of Maryland v. Brown, 311 F.Supp. 1164 (D.Md.1970), aff'd, 426 F.2d 809 (4th Cir. 1970); Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Accordingly, this court concludes that a stay pending appeal is inappropriate and the motion for stay is hereby denied this 28th day of January, 1975.