Kara MANGUM, Plaintiff,

v.

**CHILD ABUSE PREVENTION ASSO-CIATION; and South Carolina Department of Social Services, Defendants.**

No. CIV.A. 9:03–3981–SB.

United States District Court,
D. South Carolina,
Beaufort Division.

Feb. 22, 2005.

William Gary White, III, William White Law Firm, Columbia, SC, for Plaintiff.

Neil Keith Emge, Jr., Carlock Copeland Semler and Stair, Charleston, SC, Isaac McDuffie Stone, III, Duffie Stone Law Office, Bluffton, SC, Marshall H. Waldron, Jr., Duffie Stone Law Office, Bluffton, SC, for Defendants.

## ORDER

BLATT, Senior District Judge.

This matter is before the Court on the Defendants' separate motions for summary judgment, and on the Plaintiff's motion to remand. For the reasons that follow, this case is remanded to the Court of Common Pleas for Beaufort County.

The complaint, filed November 5, 2003, in state court, alleges a single cause of action for "gross negligence" against the Defendants. The Defendant Child Abuse Prevention Association ("CAPA") is a private entity which contracts with the South Carolina Department of Social Services ("DSS") to foster children either removed from the home or otherwise without parental guidance.

The complaint alleges that the Plaintiff, formerly in CAPA's care, was sexually assaulted by other foster children and, despite the fact that the abuse occurred in

the presence of CAPA staff and that she complained to CAPA staff several times, neither Defendant did anything to stop the assaults. The Plaintiff also alleges that she is "of the Jewish faith" and was "ordered by CAPA's agents to say Christian prayers or she would not eat." Finally, the Plaintiff claims that, as a result of her complaints to CAPA staff, she was slapped in the face and forced to perform extra chores. The Defendants removed the action to this Court on December 17, 2003, asserting that this Court had original jurisdiction of the action pursuant to 28 U.S.C. §§ 1441 and 1443.

Each Defendant timely filed a motion for summary judgment in December 2004, alleging several grounds in support. In responding to the motions, on January 12, 2005, the Plaintiff filed a motion to remand the action to state court, noting that "there is no federal claim and no federal jurisdiction." The Defendants have responded to this motion, and the matter is ripe for decision.

*The Law of Removal and Remand*

█ Although it is true that the Plaintiff did not object to the removal of this action on any grounds for over a year and that most of the scheduling order deadlines have expired, this Court has the authority (and indeed the duty) to inquire as to the existence of subject matter jurisdiction at any time, up to and sometimes after the entry of judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *In re Bulldog Trucking,* 147 F.3d 347, 352 (4th Cir.1998); *generally* 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal

Practice and Procedure: Jurisdiction 3d § 3739. The Plaintiff's motion to remand does not allege a defect in the removal procedure, but an absence of subject matter jurisdiction altogether. This must be examined.[1]

█ The burden of demonstrating jurisdiction resides with "the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Moreover, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.*

*28 U.S.C. § 1441*

Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In this case, the Defendants assert that removal was proper because this Court has original jurisdiction over the action because it "aris[es] under the Constitution, treaties or laws the United States," *see* 28 U.S.C. § 1331, "specifically 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution."

The Fourth Circuit, en banc, recently undertook a thorough analysis of federal question, or "arising under," jurisdiction. The vast majority of lawsuits "arise under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson,*

---

1. It is irrelevant that the parties joint report pursuant to Federal Rule of Civil Procedure 26(f) lists 42 U.S.C. § 1983 as a cause of action. The Court does not condone the actions of Plaintiff's counsel in waiting until

summary judgment is pending to raise the issue. However, it is fundamental that subject matter jurisdiction must be addressed when the issue is unclear.

478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Thus, we must "first discern whether federal or state law creates the cause of action.... In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey,* 29 F.3d at 151.

*Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (2004) (en banc) (parallel citations omitted). Here, the complaint as written alleges only a single state common law cause of action: gross negligence.

But, as the Fourth Circuit noted, "our inquiry does not end there." *Id.*

Instead, we must determine whether this case is within the "small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." *Ormet Corp. v. Ohio Power Co.,* 98 F.3d 799, 806 (4th Cir.1996). Thus, "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,'" *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229, (quoting *Franchise Tax Bd. v. Const. Laborers Vac. Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), but "only [if] ... the plaintiff's right to relief *necessarily depends on a substantial* question of federal law," *Franchise Tax Bd.,* 463 U.S. at 28, 103 S.Ct. 2841 (emphases added). Thus, in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper

and the case should be remanded to state court.

*Coburg Dairy,* 369 F.3d at 816 (alterations and emphasis by the *Coburg* court) (parallel citations omitted).

Here, the Defendants assert that the allegations they "ignor[ed] and abus[ed] the Plaintiff's religious preferences by forcing her to participate in Christian prayers and denying her vegetarian meals" obviously arise out of the First and Fourteenth Amendments to the United States Constitution. They further argue that because the DSS is a state entity and that CAPA is an entity contracting with the state, the allegations of violating religious freedoms makes this case an action "under color of state law" pursuant to 42 U.S.C. § 1983. While this may be true, it does not automatically give this Court jurisdiction over the action.

A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue. *Mulcahey,* 29 F.3d at 153 ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."); *see Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (holding that "a claim supported by alternative theories in the complaint may not form the basis for [patent] jurisdiction unless patent law is essential to each of those theories" and noting the similarities between the patent and federal question jurisdictional statutes). In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law,

his claim does not "arise under" federal law for purposes of § 1331.

*Coburg Dairy*, 369 F.3d at 816–17 (alteration by *Coburg* court) (parallel citations omitted).

The argument in favor of retaining jurisdiction [2] is that the resolution of the stated cause of action necessarily depends upon the resolution of a question of federal law, because the Plaintiff must prove that the Defendants violated her First Amendment rights in order to recover damages. This, however, is too narrow a reading of the law.

First, the complaint itself does not mention § 1983, the First Amendment or the Fourteenth Amendment, nor does it specifically allege that the Defendants or their agents were acting "under color of state law." The complaint seeks monetary damages against the Defendants, and not injunctive relief. It asserts several acts or omissions of the Defendants' failure (via their agents) to properly supervise the activities of the children in their charge, and failure to adequately care for her.[3] True, one of the allegations of gross negligence is that her "religious beliefs and sensibilities were insulted and abused," but this is not the sole allegation.

In short, the complaint's cause of action for gross negligence does not rely *exclusively* on a First Amendment violation to establish the Defendants' liability. The Plaintiff could prove every other allegation, such as failing to see that she was adequately cared for and failing to take any action to intervene in a sexual battery their agents witnessed, and *not* invoke religious freedoms at all. As such, this Court does not have original jurisdiction over this action. *See Coburg Dairy*, 369 F.3d at 818 ("Therefore, although Dixon's complaint does reference the First Amendment, none of its causes of action rely exclusively on a First Amendment violation to establish Coburg's liability under Section 16–17–560."). Removal was therefore improper under 28 U.S.C. § 1441.[4]

*28 U.S.C. § 1443*

Though no specific argument is made on this issue, the Defendants' notice of removal asserts this Court's jurisdiction under 28 U.S.C. § 1443, which provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division

---

2. The argument is phrased as such because the Defendants argue only that the 30–day period in which to object to procedural removal defects has passed, and that it would be unfair to permit remand at such a late date. They do claim that the complaint alleges a § 1983 cause of action, and that the "well-pleaded complaint" rule applies, but fail to cite *Coburg Dairy* or any other jurisprudence for the analysis outlined herein.

3. The Court is puzzled by the Defendant CAPA's assertion, in its motion for summary judgment, that the duty to supervise and care for children in their custody "does not state a duty to the Plaintiff that is recognized under South Carolina law as it relates to these groping allegations." Certainly the Defendant CAPA would not seriously argue that it owes *no* duty to supervise its charges, or that its

agents may sit idly by and watch as the children over which they have been given responsibility molest each other or beat each other silly. Were this the case, the children might be better off fending for themselves on the street. Though there may be some merit to a claim of immunity or failure to establish vicarious liability (subjects upon which the Court does not rule), the Defendant should choose its wording more carefully in the future.

4. In addition, Article I, § 2 of the South Carolina Constitution provides protection similar to that of the First Amendment: "The General Assembly shall make no law respecting an establishment of religion or prohibiting the free exercise thereof . . . ." Thus, the Plaintiff's freedoms are adequately protected by state law.

embracing the place wherein it is pending:

    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

It has been traditionally held, however, that actions under 42 U.S.C. § 1983 and the First and Fourteenth Amendments do not fall within this statute's scope. *E.g., Delavigne v. Delavigne,* 530 F.2d 598, 600–01 (4th Cir.1976) (§ 1443(1) is "confined to laws providing for specific civil rights in terms of racial equality"); *Smith v. Winter,* 717 F.2d 191 (5th Cir.1983) (same); *Folts v. City of Richmond,* 480 F.Supp. 621, 626 (4th Cir.1979) ("Under both the 'color of authority' clause and the 'refusal' clause [of § 1443(2)] removal must be predicated upon a federal law providing 'for equal rights.' This provision has been narrowly construed to mean laws that establish 'specific civil rights stated in terms of racial equality.' "); *see Bar Ass'n of Baltimore City v. Posner,* 391 F.Supp. 76, 79 (D.Md.1975) (citing *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)); *see generally,* "Civil actions removable from state court to federal court under 28 U.S.C.A. § 1443," 159 A.L.R. Fed. 377 (2000).

Interestingly, a District Court in Louisiana found no removal jurisdiction even where it was undisputed that the complaint alleged a violation of § 1983:

Both parties apparently labor under the impression that 28 U.S.C. § 1443 supplies removal jurisdiction in this case. Although neither party addresses § 1443, it is always the duty of federal courts to review whether or not jurisdiction exists . . . .

    Despite the "rather generally framed conditions for removal" provided in § 1443, removal pursuant to this statute has been narrowly construed. The Supreme Court has held that the phrase "any law providing for equal civil rights" must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Likewise, the Supreme Court acknowledged that when the removal statute speaks of "any law providing for equal rights," it refers to " 'those laws that are couched in terms of equality such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.' "

   ·   ·   ·   ·   ·

    In this case, Defendant Florida Parish has attempted to use § 1443(2) as a vehicle to remove from state to federal court a § 1983/state tort law action concerning the alleged sexual abuse of Plaintiff Christopher Rowe [by the warden of a juvenile facility]. None of the claims asserted in this action constitute claims concerning racial equality. Therefore, removal under § 1443 was improper.

*Rowe v. Summers,* 1998 WL 71645, at *1 (E.D.La. Feb.17, 1998) (citing *Georgia v. Rachel,* 384 U.S. at 792, 86 S.Ct. 1783) (other citations omitted). The Defendants have not demonstrated this Court's jurisdiction under § 1443, and removal was improper on this ground as well.

*Diversity Jurisdiction*

Though no party raises the issue, the Court notes that there is no diversity juris-

diction in this case. The complaint does assert that the Plaintiff is a citizen and resident of Georgia, and that the Defendants are all residents of South Carolina. However, the Defendants have not demonstrated that the amount in controversy exceeds $75,000.00 exclusive of interests and costs, as is their burden. *See* 28 U.S.C. § 1332; *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d at 151. Thus, no jurisdiction may be maintained on this basis.

Based on the foregoing, it is

ORDERED that this case is remanded to the Court of Common Pleas for Beaufort County for lack of federal jurisdiction; all other pending motions are denied as moot; and this action is ended.

**IT IS SO ORDERED.**