Nicholas BARTULICA, M.D., Plaintiff,

v.

Nora R. PACULDO, M.D., Defendant.

No. 76 CV 14-SJ.

United States District Court,
W. D. Missouri,
St. Joseph Division.

April 16, 1976.

Gary A. Fenner, St. Joseph, Mo., for plaintiff.

William H. Pickett, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case presents several novel questions under 28 U.S.C. § 1443, which permits removal of state actions to federal courts under certain conditions. In her petition for removal, defendant alleges that an action was commenced against her by plaintiff in the Circuit Court of Buchanan County, Missouri, and that removal is proper under 28 U.S.C. § 1443 because defendant "is denied or would not be able to enforce in the Courts of the State of Missouri, her rights under 42 U.S.C. § 2000e, *et seq.*, and specifically under 42 U.S.C. § 2000e–3." It appears that plaintiff's action is one for defamation based on a memorandum allegedly written by defendant and sent to plaintiff's immediate superior at the St. Joseph, Missouri, State Hospital. Defendant is also an employee of the St. Joseph State Hospital and her theory is that this action was filed in retaliation for her legitimate activity in writing the memorandum to oppose unlawful employment practices inflicted upon her at the Hospital.

Defendant's removal petition alludes to her action in this Court, *Paculdo v. Department of Mental Health*, 75 CV 10–SJ, challenging these claimed unlawful practices.

Plaintiff has filed a motion to remand under 28 U.S.C. § 1447(c) on the ground that removal under § 1443 is not proper in this case. Defendant has responded out of time and leave to file her response out of time will be granted.

For the reasons which we shall state, we find and conclude that § 1443 does not provide a basis for removing this action to federal court, and therefore the action should be remanded to state court. 28 U.S.C. § 1447.

I.

Section 1443 provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. [28 U.S.C. § 1443]

The scope of removal jurisdiction under subsection (1) of this statute was exhaustively considered by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).[1] In *Rachel* the Court found removal jurisdiction proper where the federal rights claimed to be unenforceable in state court arose under §§ 201(a) and 203(c) of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a(a) and 2000a–2(c). Defendants alleged that they would be brought to trial in state court on charges of criminal trespass solely on the basis of "peaceful attempts to obtain service at places of public accommodation." 384 U.S.

at 793, 86 S.Ct. at 1790, 16 L.Ed.2d at 934. Defendants further claimed that they were asked to leave the place of public accommodation solely for racial reasons. After carefully reviewing the history and construction of § 1443(1), and the Civil Rights Act of 1964, the Court concluded that the right relied upon was one arising under a law providing for equal rights, and that under the circumstances of that case, the very maintenance of the state prosecution made it clear that defendants were denied or could not enforce the rights granted them under the Civil Rights Act of 1964. As construed, that Act specifically provided that the conduct alleged in the removal petition could not be the subject of trespass prosecutions. See *Hamm v. City of Rock Hill*, 379 U.S. 306, 311, 85 S.Ct. 384, 389, 13 L.Ed.2d 300, 304 (1964).

In contrast, on the very same day, the Court found removal improper in *Peacock, supra*. There the defendants were charged in state court with various crimes including obstructing public streets, assault and battery, and others. They alleged in their removal petition that the charges were baseless and that they were denied or could not enforce in the state court various federal rights, including those protected by 42 U.S.C. §§ 1971 and 1981. After finding no basis for removal under § 1443(2), the Court turned to the removal petitioners' argument under the first subsection. The Court assumed that 42 U.S.C. §§ 1971 and 1981 were laws providing for equal rights within the meaning of § 1443(1), but nevertheless held that removal was not proper because petitioners had failed to make a sufficient showing that they were denied or could not enforce particular federal rights in state courts. Unlike *Rachel*, the petitioners in *Peacock* were not engaging in conduct explicitly protected by some federal statute. Nor were they made immune from prosecution itself by the operation of federal law as petitioners in *Rachel* were. The Court

1. Defendant apparently relies on § 1443(1) alone. Section 1443(2) would not apply here since it provides for removal of civil and criminal cases by federal officers and their assistants acting under color of federal laws providing for equal rights. *City of Greenwood v. Peacock, supra*, 384 U.S., at 824, 86 S.Ct. at 1810, 16 L.Ed.2d at 954.

enunciated the strict requirement for removal under § 1443(1):

It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will *inevitably* be denied by the very act of bringing the defendant to trial in the state court. [384 U.S. at 827–28, 86 S.Ct. at 1812, 16 L.Ed.2d at 956 (emphasis added)]

As expected, defendant, the removal petitioner here, relies upon *Rachel*, while plaintiff seeks sustenance in *Peacock*. Although both of these cases involve criminal prosecution, there is no reason to suggest that the Supreme Court would follow a different standard in removal of civil cases. Neither party, however, has called our attention to the latest Supreme Court construction of § 1443(1) in *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). There, the Court reaffirmed the principles set forth in *Rachel* and *Peacock*. While protesting alleged racial discrimination of certain merchants, the removal petitioners were arrested and charged with conspiracy to unlawfully boycott. They sought to remove the actions to federal court under § 1443(1) claiming that they were denied or could not enforce in state courts various rights including those granted them under 18 U.S.C. § 245, a criminal statute intended to prohibit violent interference with the exercise of certain specified civil rights. The Court found that 18 U.S.C. § 245 did not "furnish an adequate basis for removal under § 1443(1)" and that no federal right of petitioners was denied by state criminal prosecution for conspiracy or boycott. *Id.*

at 222–27, 95 S.Ct. at 1597, 44 L.Ed.2d at 130.

In discussing the Court's earlier decision in *Rachel* and *Peacock*, Mr. Justice White stated a two-pronged test for removal under § 1443(1):

First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790, 16 L.Ed.2d at 933. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1). *City of Greenwood v. Peacock*, 384 U.S. at 825, 86 S.Ct. at 1811, 16 L.Ed.2d at 955.

Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of [the] State." This provision normally requires that the "denial be manifest in a formal expression of state law," *Georgia v. Rachel, [supra]* at 803, 86 S.Ct. at 1796, 16 L.Ed.2d at 939, such as a state legislative or constitutional provision, "rather than a denial first made manifest at the trial of the case." *Id.*, at 799, 86 S.Ct. at 1793, 16 L.Ed.2d at 937. Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," *id.*, at 804, 86 S.Ct. at 1796, 16 L.Ed.2d at 940, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or crimi-

nal. [421 U.S. at 219–20, 95 S.Ct. at 1595, 44 L.Ed.2d at 128.[2]]

In this case, defendant attempts to satisfy the requirements of § 1443(1) removal by alleging that the right allegedly denied her is one arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Specifically, she asserts her right to be free from retaliation for protesting unlawful practices contained in 42 U.S.C. § 2000e–3. That section provides in relevant part as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. [42 U.S.C. § 2000e–3(a)]

Second, she claims that she is unable to enforce this right on account of the jurisdictional provision of Title VII which provides for original jurisdiction in the United States District Court for claims under Title VII. 42 U.S.C. § 2000e–5(f)(3). Defendant implicitly contends that this action for defamation is itself brought in retaliation for her memorandum opposing alleged unlawful employment practices, and that she is immunized from such a suit under 42 U.S.C. § 2000e–3(a). She, therefore, attempts to liken her position to that of the removal

petitioners in *Rachel, supra,* who were protected under federal law from any attempt to prosecute them for their conduct. Although defendant's argument is imaginative and facially attractive, it must be rejected for a number of reasons.

▪ In analyzing defendant's removal petition we must first determine whether the federal right asserted is one "providing for specific civil rights stated in terms of *racial* equality." *Georgia v. Rachel, supra,* 384 U.S. at 792, 86 S.Ct. at 1790, 16 L.Ed.2d at 983 (emphasis added). It cannot be gainsaid that Title VII of the Civil Rights Act of 1964 was enacted to eliminate racial discrimination in employment. Indeed, Congress intended in Title VII to promote equality of employment opportunities by making unlawful those employment practices which discriminate against persons on the ground of race. See *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147, 155 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668, 676 (1973). But in this case defendant does not rely on any rights specifically prohibiting racial discrimination in employment. Rather, she seeks to base removal on 42 U.S.C. § 2000e–3, which prohibits discrimination against an employee for opposing unlawful employment practices. Moreover, the unlawful employment practices which defendant allegedly protests do not stem from any allegations of racial discrimination at the St. Joseph State Hospital. The memorandum which is the subject of this suit merely refers to unlawful discrimination against defendant by plaintiff. We can only assume that defendant's charges are grounded on her claim of unlawful sex and national origin discrimination, as contained in her allegations in *Paculdo v. De-*

---

**2.** Mr. Justice Marshall, dissenting in *Johnson,* stated a three part test for removal under § 1443(1):

> The statute was held to permit removal only in the rare case in which (1) the federal right at issue stemmed from a law providing expressly for equal civil rights; (2) the conduct with which the removal petitioners were charged was arguably protected by the feder-

al law in question; and (3) the federal law granted the further right not only to engage in the conduct in question, but to be free from arrest and prosecution by state officials for that conduct. [421 U.S. at 229, 95 S.Ct. at 1600, 44 L.Ed.2d at 134].

Under either formulation of the requirements of § 1443(1), essentially the same inquiry is involved.

*partment of Mental Health*, No. 75 CV 10–SJ. The cases are legion that removal under § 1443(1) premised on unlawful sex discrimination is not proper. See, e. g., *Milligan v. Milligan*, 484 F.2d 446 (8th Cir. 1973); *Bass v. State*, 381 F.2d 692 (5th Cir. 1967); *Patterson v. Patterson*, 381 F.Supp. 1029 (D.Colo.1974).

■ Even assuming that defendant's reliance on Title VII is appropriate without any allegations of racial discrimination, we find and conclude that she has failed to sufficiently show that she is "denied or cannot enforce" whatever rights she may have under Title VII in state court. First, defendant does not specify how she would enforce her right to be free from retaliation for opposing unlawful employment practices. We assume that she could defend the defamation allegation on the basis of her statements about plaintiff being true. Truth is a complete defense to a defamation action, *Restatement of Torts*, § 582, and defendant has not stated why she would be foreclosed from asserting this defense in state court.

■ Second, and of greater importance, we reject defendant's claim that 42 U.S.C. § 2000e–3 immunizes her from a state defamation action. Plaintiff here is not defendant's employer but merely one of defendant's superiors at the St. Joseph State Hospital. Absent any allegation that defendant's employer, the Department of Mental Health, induced plaintiff to bring this action, we cannot construe § 2000e–3(a) to prohibit it. Moreover, it would require a tortured construction of Title VII and § 2000e–3(a) to say that it permitted de-famatory and libelous statements in guise of protecting an employee's right to oppose unlawful employment practices.[3]

■ We have concluded then that this case is not appropriate for removal under 28 U.S.C. § 1443(1). Accordingly, we are without jurisdiction and the case must be remanded. 28 U.S.C. § 1447(c). Where the petition for removal is clearly insufficient on its face and it appears to a certainty that removal would not be proper under any state of facts supporting the petition, remand without a hearing is permitted. *State of North Carolina v. Grant*, 452 F.2d 780, 782 (4th Cir. 1972); *Bar Association v. Posner*, 391 F.Supp. 76, 81 (D.Md.1975). We find and conclude that the defendant's petition fails to state a proper basis for removal and under any set of facts proved in support of the petition defendant would not be entitled to remove this case to federal court. Therefore, a hearing is unnecessary and the case will be remanded to state court on plaintiff's motion.

For the reasons stated, it is

ORDERED (1) that defendant should be and is hereby granted leave to file her suggestions in opposition to plaintiff's motion for remand out of time. It is further

ORDERED (2) that plaintiff's motion for remand should be and the same is hereby granted. It is further

ORDERED (3) that this action should be and the same is hereby remanded to the Circuit Court of Buchanan County, Missouri.

**3.** We recognize, of course, that § 2000e–3(a), § 704(a) of the Civil Rights Act of 1964, does protect an employee from discharge on the basis of a valid charge filed with the Equal Employment Opportunity Commission which nevertheless contains allegations against the employer later found to be false and possibly libelous. *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1007 (5th Cir. 1969). However, *Pettway* did not address the situation here, where the basis of the defamation action is not a legitimate charge filed with the EEOC, but rather a memorandum directed to an em-ployee's superior. Moreover, *Pettway* explicitly stated that Title VII did not prevent the employer from maintaining a defamation action:

We in no way imply that an employer is preempted by Section 704(a) from vindicating his reputation through resort to a civil action for malicious defamation. Cf. *Linn v. Plant Guard Workers*, 1966, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (LMRA); *Salzhandler v. Caputo*, 2 Cir. 1963, 316 F.2d 445, 451 (LMRDA). [411 F.2d at 1007, n. 22]