**Floyd B. CONRAD, Plaintiff–Appellee,**

v.

**Donald W. ROBINSON,
Defendant–Appellant.**

**No. 88–3146.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1989.

Decided April 7, 1989.

Alan Belkin, Shapiro, Turoff, Gisser & Belkin, Sheila R. Lodwick (argued), Cleveland, Ohio, for Floyd B. Conrad.

Edward G. Kramer, Kramer & Tobocman, Kermit J. Lind (argued), Cleveland, Ohio, for Donald W. Robinson.

Before KRUPANSKY and WELLFORD, Circuit Judges; and JOINER, Senior District Judge.[*]

JOINER, Senior District Judge.

On October 19, 1987, plaintiff Floyd B. Conrad filed a state-law libel action against defendant Donald B. Robinson in the court of Common Pleas for Lake County, Ohio. Robinson removed this action on November 30, 1987, to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1443(1). On January 19, 1988, the district court *sua sponte* dismissed this action as not being properly removed to federal court.[1] Robinson appeals this decision pursuant to 28 U.S.C. § 1447(d).[2] In light of the application of the particular facts in this case to 28 U.S.C. § 1443(1), we reverse the decision of the district court.

## I.

Conrad is the business manager for AFL–CIO Local 496 of the Laborer's International Union of North America (Local 496) and Robinson is a member of Local 496. On October 21, 1986, an article was published in the Cleveland Plain Dealer, discussing a case filed by Robinson against Local 496. *Robinson v. Laborers' International Union of North America, AFL–CIO Local 496*, No. C–84–2990 (N.D.Ohio). The article discussed the underlying background of this case, including the allega-

tions in Robinson's complaint that Robinson was stripped of his position as a union steward, and was eventually laid off in retaliation for his attempts to fight the alleged policy of limiting minority membership by Local 496. The article also reported that a settlement had been reached in that case, and included several comments made by Robinson in an interview with a Plain Dealer staff writer.[3]

Over one year later, on October 19, 1987, Conrad filed his libel action against Robinson. Conrad alleged that Robinson accused him of practicing racial discrimination in the Plain Dealer article, and that Robinson knew his statements were untrue when he made them. No other allegations of libel were made, and Conrad sought $25,000 in compensatory damages and $125,000 in punitive damages.

In his removal petition of November 30, 1987, Robinson alleged that Conrad's real motive in filing the libel action was to retaliate against Robinson for his filing of EEOC race discrimination and retaliation charges against Conrad and Local 496, both before and after the Plain Dealer article, and in retaliation for his success in receiving a settlement in the federal case against Local 496 discussed in the Plain Dealer article. In addition, Robinson contended that he was also being retaliated against for his encouragement of other blacks to apply for membership in Local 496, and his support of a group of black applicants suing Conrad and Local 496 in federal court. Robinson concluded that this was all activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[*] Honorable Charles W. Joiner, United States District Court, Eastern District of Michigan, sitting by designation.

[1] The district court held only that Conrad's action was not properly removed to federal court, it did not hold that the case itself was without merit. Instead of dismissing the action, the district court should have remanded the case to the Court of Common Pleas for Lake County, Ohio. However, in light of this court's reversal of the district court, no action need be taken to correct this error.

[2] 28 U.S.C. § 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable

on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

[3] The only comment made by Robinson concerning Conrad in the article was as follows:

That's when the trouble started for me. Floyd Conrad, Local 496 business agent, came to me a week later and said something about me not being on the team any longer and that he would get me fired and that I never would work at the nuke plant again, ...

§§ 2000e, *et seq.*, and that Conrad's suit in retaliation for this activity violated 42 U.S.C. § 2000e–3, which is a federal equal rights law. Robinson further contended that under Ohio law the Ohio courts lacked jurisdiction over Title VII actions, *Fox v. Eaton Corp.*, 4 Ohio St.2d 236, 358 N.E.2d 536, 538 (1976), therefore his defense and counterclaim of retaliation could not be raised in the Ohio courts. The case was removed under 28 U.S.C. § 1443(1).

In its order of January 19, 1988, the district court did not determine whether removal was proper under 28 U.S.C. § 1443(1) but engaged in an analysis applicable to removal under 28 U.S.C. § 1441. The district court applied the "well-pleaded complaint rule" to determine whether a federal question appeared on the face of the complaint which could justify federal question removal. Finding no federal question in the complaint, and recognizing that a counterclaim raising a federal question will not justify removal, the district court concluded that removal in this case was improper.

## II.

Robinson contends on appeal that the district court erred in not discussing 28 U.S.C. § 1443(1) in its opinion, and in not holding that under § 1443(1) removal was appropriate.

■■■ Since removal was requested pursuant to § 1443(1), the court was in error in not making the appropriate analysis under that section and, instead, rejecting removal based on another section of the statute, § 1441(b).[4] Because we believe removal was proper under § 1443(1), the district court's order of January 19, 1988, must be reversed, and the case reinstated on the district court's docket.

28 U.S.C. § 1443 provides a very special statute to deal with specific and discrete problems involving removal of cases, civil or criminal, in which the defendant cannot enforce his claim of civil rights in the state court:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

This section differs in its thrust from the general federal question removal statute, § 1441(b), in that it looks to the claims of civil rights of the defendant as the basis of removal, whereas § 1441(b) looks to the claims made by the plaintiff in the complaint. It is specifically designed to extricate protected persons from state civil and criminal prosecution and provide instead a federal forum.

As with any removal statute, the defendant has the burden of establishing that removal is proper. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3721, at 210–211 (1985).

A series of Supreme Court cases have developed a two-step test to use in determining whether a case may be properly removed pursuant to 28 U.S.C. § 1443(1) (subsection 2 is not applicable to the instant case), *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975); *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966): first, the right denied

---

**4.** 28 U.S.C. § 1441(b) provides in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, trea-

ties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality; second, the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question. *Johnson,* 421 U.S. at 219, 95 S.Ct. at 1595.

■ The first step of the *Johnson* test is satisfied, as defendant contends that he is being retaliated against by this litigation for his engaging in activity clearly protected by Title VII, *see* 42 U.S.C. § 2000e–2(c), and Title VII expressly prohibits retaliation for engaging in protected activity. 42 U.S.C. § 2000e–3. Title VII constitutes a federal equal rights law under 28 U.S.C. § 1443, *White v. Wellington,* 627 F.2d 582, 585 (2d Cir.1980), and Robinson is alleging retaliation due to his protests against racial discrimination. It is the second step of the *Johnson* test which is the central issue on appeal.

The second step of the *Johnson* test, as indicated in the wording of 28 U.S.C. § 1443(1), requires that the right in question be one that cannot be enforced in state court. In addition, this step assumes that except in unusual cases, it "was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219–220, 95 S.Ct. at 1595–1596. As stated in *City of Greenwood:*

Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

384 U.S. at 828, 86 S.Ct. at 1812. Accordingly, in both *Rachel* and *City of Greenwood,* the Supreme Court looked not at the characterization of the conduct in question by the charging document or the petition for removal but, rather, at the acts by the defendant at issue to see if they constituted or were tied to protected activity. If that connection existed, and retaliation against a defendant for engaging in that activity was prohibited by federal equal rights law, then removal was appropriate under 28 U.S.C. § 1443(1).[5] If that connection did not exist, then attempts to punish a defendant for engaging in those acts did not violate equal rights laws, and removal under 28 U.S.C. § 1443(1) was not called for.[6]

Analyzing the acts committed by Robinson which are the subject of Conrad's complaint in light of *Johnson, City of Greenwood,* and *Rachel,* the conclusion reached is that they are tied to Robinson engaging in activity protected by Title VII. The only statements made by Robinson that are objected to in Conrad's complaint are those

**5.** For example, in *Rachel,* defendants were being prosecuted for criminal trespass solely on the basis of attempts to obtain service at privately owned restaurants open to the general public. 42 U.S.C. § 2000a(a) forbade refusals of service, or exclusions from, public accommodations, on account of race or color, and 42 U.S.C. § 2000a(c) prohibited any attempt to punish a person for exercising rights to service at public accommodations. The removal petition in that case alleged that defendants were being prosecuted solely on the basis of "peaceful attempts to obtain service at places of public accommodation." 384 U.S. at 793, 86 S.Ct. at 1790. The court concluded that the acts at issue in the trespass prosecution were protected activity under the above-mentioned statute, therefore, removal was appropriate so that defendants could present their defense that no criminal activity occurred as it was protected under federal law. 384 U.S. at 805, 86 S.Ct. at 1797.

**6.** *City of Greenwood* provides an example of where the connection between the acts in question in a state action and alleged protected activity is not sufficient. There, the rights allegedly being denied defendants were the right to vote regardless of race or color and the right of all persons to have equal access to specified rights enjoyed by white persons, which arose under the Constitution and 42 U.S.C. §§ 1971 and 1981. 384 U.S. at 811–812, 86 S.Ct. at 1803–04. The court concluded that even if it was true that these actions were taken in an attempt to help other blacks assert their rights under law, the specific conduct engaged in (assault, disturbing the peace, inciting to riot) was not protected under any statute, therefore removal was not appropriate under 28 U.S.C. § 1443(1). 384 U.S. at 826–827, 86 S.Ct. at 1811–1812.

related to Robinson's federal court suit against Local 496, which, as already concluded above, was protected activity under Title VII. The connection between Robinson's speech and this protected activity is very close, and while the speech itself is not the protected activity as it was in *Rachel*, it is so closely related to it that the factual scenario is closer to *Rachel* than it is to *City of Greenwood*. Had Robinson's comments in the Plain Dealer been unrelated to his federal court case against Local 496, but were just general allegations that Conrad discriminated on the basis of race, the result might very well be different. However, under the specific facts of the instant case, the court concludes that a sufficient connection between Robinson's speech and protected activity under Title VII has been established.[7] Coupled with the fact that Robinson's claim of retaliatory motivation prohibited by Title VII cannot be heard in the Ohio courts, *Fox*, 358 N.E.2d at 538, the court concludes that the second step of the *Johnson* test has also been satisfied.[8]

The court concludes that Robinson properly removed this case to federal court pursuant to 28 U.S.C. § 1443(1).

REVERSED and REMANDED.

WELLFORD, Circuit Judge concurring.

I concur. While it usually would be appropriate, where the district court had failed to give full attention to a basis for removal, to remand for consideration by the district court, I believe that we save judicial time and effort in this case to reverse and hold that removal was proper under 28 U.S.C. § 1443(1). What is really at issue here is whether Conrad's alleged actions amounted to a violation of Robinson's Title VII rights which clearly arise out of federal law and cannot be enforced under Ohio law. *See Fox v. Eaton Corp.,* 48 Ohio St.2d 236, 358 N.E.2d 536 (1976).

---

7. *Bartulica v. Paculdo,* 411 F.Supp. 392 (W.D. Mo.1976), cited by Conrad, is distinguishable because the connection between the acts at issue and protected activity in that case simply was not there. In that case, the defendant allegedly sent a memo to her superiors claiming that plaintiff, one of her superiors, discriminated against her. Defendant claimed that this memo constituted protected activity, as she was challenging racial discrimination by her employer, and by retaliating against her by filing the libel action, plaintiff was violating 42 U.S.C. § 2000e–3. 411 F.Supp. at 396. However, plaintiff was not defendant's employer, and there was no evidence that defendant's employer induced the plaintiff to bring this action, therefore defendant's memo did not constitute protected activity, and the libel suit did not constitute retaliation by defendant's employer for defendant having engaged in protected activity. 411 F.Supp. at 397.

8. Because the court is reversing the decision of the district court, there is no need to address Robinson's other argument on appeal concerning the *sua sponte* nature of the district court's decision.