RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0394p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

AMERICAN MARITIME OFFICERS,

                    *Plaintiff-Appellee,*

    *v.*

MARINE ENGINEERS BENEFICIAL ASSOCIATION,
DISTRICT NO. 1 et al.,

                    *Defendants-Appellants.*

No. 06-4262

---

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 06-07036—David A. Katz, District Judge.

Submitted: September 18, 2007

Decided and Filed: September 27, 2007

Before: BATCHELDER and GILMAN, Circuit Judges; STAFFORD, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Charles B. Wolf, VEDDER, PRICE, KAUFMAN & KAMMHOLZ, Chicago, Illinois, Leslie Anne Epley, Thomas P. Gies, CROWELL & MORING, Washington, D.C., Gregory T. Lodge, SHUMAKER, LOOP & KENDRICK, Toledo, Ohio, for Appellants. Anastasia Kay Hanson, SPENGLER NATHANSON, Toledo, Ohio, for Appellee.

---

## OPINION

---

     RONALD LEE GILMAN, Circuit Judge. American Maritime Officers (AMO) filed a complaint in Ohio state court against Marine Engineers Beneficial Association and several of its officers (collectively MEBA), alleging tortious interference with a contractual relationship and unjust enrichment. MEBA removed the case to federal court on the ground that AMO's claims were completely preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. AMO then filed a motion to remand on the basis that the federal courts lack subject matter jurisdiction over AMO's claims.

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

1

The district court granted AMO's motion and ordered that the case be remanded to the state court. MEBA filed a timely appeal. AMO responded by filing a motion to dismiss MEBA's appeal on the ground that 28 U.S.C. § 1447(d) prohibits appellate review of a remand order. For the reasons set forth below, we **GRANT** AMO's motion and **DISMISS** MEBA's appeal.

## I. BACKGROUND

AMO and MEBA are competing labor unions that represent maritime officers, including licensed engineers, licensed deck officers, and chief cooks. The dispute in this case arose when Interlake Steamship Company (Interlake) allegedly breached its collective bargaining agreement (CBA) with AMO. Under the CBA, which was set to expire on July 31, 2003, AMO was the exclusive bargaining agent for the maritime officers on Interlake's U.S. flag vessels operating on the Great Lakes.

On July 25, 2003, Interlake signed a new CBA with MEBA that was to become effective on August 1, 2003. The terms of the new CBA, however, had obviously been negotiated and the agreement executed during the time when AMO was still the exclusive bargaining agent for the maritime officers of Interlake.

AMO filed a grievance against Interlake on July 28, 2003, asserting various violations of the existing CBA, including a breach by Interlake of its duty to negotiate exclusively with AMO during the term of their agreement. Pursuant to the CBA, the grievance was submitted to binding arbitration. The arbitrator ruled in favor of AMO, finding that Interlake had violated provisions of the CBA that prohibited Interlake from negotiating with another union during the term of the agreement. Interlake then filed suit in federal district court, challenging the arbitrator's damage award, but not the underlying merits of the alleged breach. The district court affirmed the arbitrator's award. *Interlake Steamship Co. v. Am. Maritime Officers Union*, No. 3:05-CV-07312, 2006 U.S. Dist. LEXIS 45308 (N.D. Ohio July 5, 2006). An appeal of that case is currently pending before this court.

On December 30, 2005, AMO filed a complaint in the Lucas County (Ohio) Court of Common Pleas against MEBA. The complaint asserted claims for tortious interference with a contractual relationship and for unjust enrichment, both of which are based solely on Ohio law. MEBA timely removed the case to federal court on the ground that AMO's claims were completely preempted by § 301 of the LMRA. AMO then filed a motion to remand, arguing that removal was improper because the federal courts lack subject matter jurisdiction over AMO's claims.

The district court granted AMO's motion to remand, finding that the LMRA did not preempt AMO's state-law claims and, hence, that remand was appropriate. Although the district court did not explicitly base its remand order on the lack of subject matter jurisdiction, the opinion clearly indicates that the remand was based upon that legal principle. The court, among other things, relied on *Alongi v. Ford Motor Co.*, 386 F.3d 716 (6th Cir. 2004), which held that, in the absence of complete preemption of the parties' dispute under the LMRA, federal courts lacked removal jurisdiction over a plaintiff's state-law claims.

MEBA appealed the district court's order remanding the case. AMO thereafter filed a motion to dismiss the appeal, citing the bar to appellate review set forth in 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The motion to dismiss has been referred to us for decision.

## II. ANALYSIS

Our task is to determine whether we have jurisdiction to consider the merits of this appeal. A remand order based on the lack of subject matter jurisdiction is not a final judgment for the purposes of 28 U.S.C. § 1291. *Baldridge v. Ky.-Ohio Transp., Inc.*, 983 F.2d 1341, 1343 (6th Cir. 1993) (dismissing as nonreviewable an appeal from an order remanding the case to state court for lack of subject matter jurisdiction). Such a remand carries "the seemingly ironclad bar to review . . . contained in 28 U.S.C. § 1447(d)." *Id.*

The Supreme Court has limited this broad language, however, holding that "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Section 1447(c) provides in relevant part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Under *Quackenbush*, then, a remand for lack of subject matter jurisdiction is typically immune from review. *Id.* at 712.

If the ground for a district court's remand order is unclear, we may examine the record to ascertain the court's reason for remanding. *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1400-01 (6th Cir. 1995) (holding that appellate review of a district court order remanding to state court was precluded because "[c]learly, the court remanded these claims because they were not preempted . . . and hence the court found it was without subject matter jurisdiction"). This limited scope of our review was recently clarified by the Supreme Court in *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S. Ct. 2411, 2418 (2007), where the Court held that "when . . . the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)."

This holding limits our previous rule that appellate review is barred even where the district court's decision to remand is "based on erroneous principles or analysis." *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 518-19 (6th Cir. 2001) (analyzing whether a remand order issued by a magistrate judge constituted an order pursuant to § 1447(c)). The *Powerex* court also noted, however, that "[l]engthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d) quite as much as determining whether the factfinding underlying that invocation was correct." 127 S. Ct. at 2418. In essence, then, if the district court's remand order passes the "smell test" of being based on a ground colorably characterized as subject matter jurisdiction, our inquiry is at an end.

A review of the district court's order and the record in this case reveals that the court in fact determined that it lacked subject matter jurisdiction over AMO's complaint and accordingly ordered the case remanded pursuant to § 1447(c). This makes the district court's order more than "colorable" for the purposes of barring appellate review. *See id.* To be sure, there exist two exceptions to the § 1447(d) bar to appellate review of a remand order. Despite MEBA's arguments, however, neither of those exceptions applies here. The first exception is known as the collateral-issue doctrine and applies where a district court bases its remand order on "a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990) (recognizing the collateral-issue exception to the § 1447(d) bar on review of remand orders). But the record does not support MEBA's argument. The district court in the present case applied this circuit's two-step test for determining whether AMO's claims were completely preempted under § 301 of the LMRA. *See DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

*DeCoe* provides that

> the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

*Id.* (citation omitted). In the present case, the district court determined that both of AMO's claims arose under Ohio law and that proof of those claims required no interpretation of AMO's CBA. The district court explicitly stated that the "mere existence" of the CBA was all that was relevant for AMO's state-law claims, with no interpretation of the CBA being required. In conducting the *DeCoe* analysis, the court simply noted that an arbitrator had found that Interlake breached its CBA with AMO.

The district court further stated that "the arbitrator's decision that Interlake violated the . . . provisions of its contract with AMO through its actions with MEBA stands as controlling authority on the issue of breach of contract." MEBA now contends that this reference to the effects of the arbitrator's decision was central to the district court's decision to remand and thus constitutes a collateral-issue exception to the § 1447(d) bar on appellate review. We are unpersuaded.

Proof of a breach of contract is not an essential element of a claim for tortious interference with a contract. *Dougherty v. Parsec, Inc.*, 872 F.2d 766, 770 (6th Cir. 1989) ("[A]n underlying determination of the merits of the state claim will not have to consider whether there was an actual breach of contract—only whether there was an interference by [a third-party] that in some way affected the business relationship of [the plaintiff] and his employer."). In *Dougherty*, the plaintiff was a union member in Ohio who claimed that he was fired in violation of the applicable CBA when a client of his employer requested his termination. Dougherty had complained about conditions at the client's facility where he had been assigned to work. He contended that the client retaliated against him by requesting that he be fired. *Id.* at 767. After his discharge was upheld in an arbitration proceeding, Dougherty filed suit in federal court, alleging both a breach of the CBA by his employer under § 301 of the LMRA and a tortious-interference-with-contract claim against the client who had allegedly requested his termination. *Id.*

The district court dismissed Dougherty's complaint on the ground that his § 301 claim had no merit and, further, that the LMRA completely preempted his state-law claim of tortious interference. *Id.* This court partially reversed on appeal, concluding that "the tortious interference with contract/business relationship claim can be resolved without interpreting the collective bargaining agreement. Any analysis of the collective bargaining agreement has already been done. Plaintiff was discharged, and the arbitrator upheld the discharge. . . . No further analysis of the collective bargaining agreement will be necessary." *Id.* at 770.

In the present case, the district court discussed *Dougherty* and concluded that the resolution of AMO's state-law claims required no interpretation of the CBA. The fact that the court also stated that the arbitrator had decided the issue of breach of contract does not change the court's underlying conclusion that it lacked subject matter jurisdiction. Its analysis clearly focused on determining whether an interpretation of the terms of the CBA was necessary to resolve AMO's claims, not on the terms of the CBA itself. *See Baldridge*, 983 F.2d at 1349 (rejecting the defendant's attempt to invoke the collateral-issue exception to § 1447(d) because "[t]he preemption inquiry . . . necessarily related to the question of jurisdiction"). Accordingly, MEBA's collateral-issue-exception argument fails.

MEBA also contends that remand is improper under the so-called post-removal-event doctrine. Under this doctrine, appellate review of a remand order is available where the district court had subject matter jurisdiction at the time of removal but jurisdiction was destroyed by subsequent events. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265 (6th Cir. 2003) (concluding that the district court's remand order was reviewable on appeal where the district court had federal bankruptcy jurisdiction at the time of removal but lost jurisdiction after dismissing the bankrupt party).

MEBA identifies the decision of the arbitrator, entered nearly six months after the present case was removed to federal district court, as the post-removal event that allegedly triggered the district court's decision to remand. This contention lacks merit. The district court, as previously discussed, referenced the arbitrator's ruling but did not *rely* on the ruling in reaching its decision to remand. Remand was instead based upon the court's conclusion that there was no preemption of AMO's state-law claims under § 301 of the LMRA.

Furthermore, this circuit's enunciation of the doctrine does not apply to MEBA's post-removal-event argument. This court has held that "the post-removal-event doctrine is implicated only when a district court makes a discretionary remand of pendent state-law claims following the dismissal of a claim or a party." *DaWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 401 (6th Cir. 2005). Furthermore, "[e]ven where our holdings have approached the boundaries of the post-removal-event doctrine, we have always required an affirmative action by the district court to indicate that the remand was premised on pendent state-law claims, and not for lack of subject matter jurisdiction." *Id*.

This court has "never held that *any* post-removal event makes a remand order reviewable." *Id*. (emphasis in original). No claim or party was dismissed in the present case. There was no affirmative statement by the district court to indicate that the remand was based on pendent state-law claims. Indeed, state-law claims were all that AMO's complaint alleged. The district court instead based its decision to remand on the lack of subject matter jurisdiction where no interpretation of the CBA was necessary to resolve AMO's claims and where complete preemption under § 301 of the LMRA did not apply. We find no error in the district court's determination.

### III. CONCLUSION

For all of the reasons set forth above, we **GRANT** AMO's motion to dismiss the present appeal and **DISMISS** MEBA's appeal from the judgment of the district court.