NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0416n.06

No. 14-6498

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 08, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, | ) ) ) | |
| Plaintiff - Appellee, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| SHAUN WINESBURGH, | ) ) | |
| Defendant - Appellant, | ) ) | |
| and | ) ) | |
| LAURA WALLACE, | ) ) | |
| Defendant. | ) ) | |

_____

OPINION

Before: ROGERS and McKEAGUE, Circuit Judges; SARGUS, District Judge[*]

SARGUS, District Judge. Shaun Winesburgh appeals the district court's remand of this case to state court. We **AFFIRM**.

**I.**

The State of Tennessee Department of Children's Services ("Department") filed a petition in the Juvenile Court of Hamilton County, Tennessee to terminate Winesburgh's parental rights over his two children. (Neal Decl. ¶ 6; ECF No. 10-2; Petition ¶ 3; ECF No. 10-1.) Previously, that court awarded temporary custody to the Department and found that the

_____

[*] The Honorable Edmund A. Sargus, Jr., Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1

children were dependent, neglected, and severely abused. (Neal Decl. ¶ 9; Petition ¶ 3.) The petition highlighted the Juvenile Court's previous finding of severe abuse and further alleged that Winesburgh and the children's mother failed to provide a suitable home. The petition also alleged that conditions were unlikely to adequately improve. (Petition ¶¶ 8, 10-11; ECF No. 10-1.) In response, Winesburgh brought seven counterclaims, including an allegation that he is mentally retarded and that the Department discriminated against him on this basis in violation of the Americans with Disabilities Act ("ADA"). (Answer & Counterclaim; ECF No. 2; Am. Not. Removal; ECF No. 23.)

Winesburgh also removed the case to the United States District Court for the Eastern District of Tennessee, asserting federal question jurisdiction under 28 U.S.C. § 1331 in light of his ADA counterclaims. He further pressed that his disability discrimination counterclaims made removal appropriate under 28 U.S.C. § 1443(1), which allows removal for a "person who is denied or cannot enforce in the courts of such State a right under any law providing for . . . equal civil rights." (Am. Notice of Removal ¶¶ 4-6, 11.) The Department moved to remand, arguing a lack of subject matter jurisdiction under § 1331 because its petition never asserted a federal claim and Winesburgh could not use his counterclaims as the basis for removal. (Mem. In Supp. Of Emergency Mot. For Remand at 4-6; ECF No. 10.) It also argued that removal was not proper under § 1443(1) because that statute is limited to claims regarding race. (Reply at 5-7; ECF No. 21.)

The district court granted the motion to remand. First, it held that Winesburgh's federal counterclaims in response to the Department's state-law-only claims could not provide subject matter jurisdiction under § 1331. (Mem. at 4; ECF No. 26.) Second, the court held that Winesburgh could not use § 1443(1) because he never alleged a denial of racial equality that he

2

was unable to assert in Tennessee's courts. (*Id.* 4-5.) After the district court denied Winesburgh's motion to reconsider (ECF No. 31), he brought this appeal.

## II.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). To the extent that Winesburgh challenges the district court's ruling that it lacked subject-matter jurisdiction under 28 U.S.C. § 1331, that concern falls outside our scope of review. *See Am. Mar. Officers v. Marine Engineers Beneficial Ass'n, Dist. No. 1*, 503 F.3d 532, 535 (6th Cir. 2007) ("[W]hen . . . the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d).") (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007)); *see also Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (holding remand not reviewable where district court held that the complaint invoked only state-law claims and thus subject matter jurisdiction did not exist). This bar on our review helps "prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 650 (2006) (Scalia, J., concurring) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)).

However, remand of a case removed under 28 U.S.C. § 1443(1)—relied on by Winesburgh—may be reviewed "by appeal or otherwise." 28 U.S.C. § 1447(d). Though neither party addresses how much deference we give the district court's decision on this point, this Court recognized in an unpublished decision that our standard of review "would appear to be de novo." *See Godsey v. Miller*, 9 F. App'x 380, 382 (6th Cir. 2001) (per curiam). We have no reason to doubt that here, *cf. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.

1999) (applying de novo review to denial of motion to remand), and in any event, the district court's decision was appropriate under any standard of review.

Winesburgh insists that he correctly removed this case under § 1443(1). That statute provides for removal of an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Pointing to his counterclaims and pressing that the ADA is a civil rights act, Winesburgh asserts that his case falls under the plain language of the statute.

But for § 1443(1) to apply under this Court's binding precedent, the right denied must arise under a federal law that "provides for specific civil rights stated in terms of *racial equality*." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (emphasis added) (citing *Johnson v. Mississippi*, 421 U.S. 213 (1975)). Winesburgh never asserted that the Department discriminated against him on account of his race. Instead, he alleges discrimination due to his disability. Because § 1443(1) applies to racial discrimination, not disability discrimination, Winesburgh cannot use this vehicle for removal.

Nevertheless, Winesburgh asks this Court to cast *Conrad* aside because it predates the ADA. Even if we could ignore this court's previous published decisions, *see Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) ("[A] published prior panel decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (internal quotation marks omitted), we would decline to do so. The Supreme Court has "conclude[d]" in light of the § 1443(1)'s history "that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). As noted by the Supreme Court, the

4

removal provision dates back to the Civil Rights Act of 1866, when it allowed removal by persons denied some of the "same" rights as were "enjoyed by white citizens." *Id.* at 788-89. When the current language—"any law providing . . . equal civil rights"—arrived in 1874, "no substantial indication" existed that this language "was intended to expand the kinds of 'law' to which" removal applied. *Id.* at 789. Rather, it "seem[ed] clear" that "Congress intended in that phrase only to include laws comparable in nature to the Civil Rights Act of 1866." *Id.* at 790. Thus, the district court correctly concluded that Winesburgh cannot use § 1443(1) here. *See Com. of Ky. v. Franklin*, 70 F.3d 1271, 1995 WL 696905, at *1 (6th Cir. 1995) (table) ("We also conclude that the action was properly remanded, as § 1443 is restricted to cases raising an issue of racial discrimination."); *Robinson v. Eichler*, 795 F. Supp. 1253, 1258 n.5 (D. Conn. 1992) (finding § 1443(1) inapplicable where removal was based on the ADA).

Moreover, § 1443(1) remains unavailable for a second, independent reason. For removal, Winesburgh must show that he is "unable to or [is] denied the opportunity to enforce these specified federal rights in the courts of the state in question." *See Conrad*, 871 F.2d at 614-15 (citing *Johnson*, 421 U.S. at 219). He has not done so here.

Winesburgh alleges that he cannot bring his ADA claims in state court and asserts that Tennessee has no equivalent antidiscrimination law. But state courts generally have concurrent jurisdiction over federal causes of action unless Congress provides otherwise or some "disabling incompatibility between the federal claim and state-court adjudication" exists. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478 (1981). Winesburgh presents nothing that questions the general rule of concurrent jurisdiction, and this court has previously held that "[s]tate courts have concurrent jurisdiction over ADA claims." *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997); *see also Anderson v. Ajax Turner Co.*, No. 01A01-9807-CH-00396, 1999 WL

976517, at *2 (Tenn. Ct. App. Oct. 28, 1999) (noting that Congress "elected to permit concurrent jurisdiction" and holding ADA's exhaustion requirement applies to state-court plaintiffs the same as it does for federal-court plaintiffs); *Pruett v. Wal-Mart Stores, Inc.*, No. 02A01-9610-CH-00266, 1997 WL 729260, at *11-12 (Tenn. Ct. App. Nov. 25, 1997) (remanding for a jury trial a plaintiff's ADA failure-to-accommodate claim).

Still, Winesburgh maintains that the Juvenile Court of Hamilton County—where this case would be remanded—could not hear these federal claims. But even if true, this observation misses the mark. The relevant inquiry is whether "the *courts* of the state in question" are closed to Winesburgh's claims. *Conrad*, 871 F.2d at 615 (emphasis added). Winesburgh presents no authority for the proposition that that the specific state court that will receive the remanded case must be able to adjudicate the dispute. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966) ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied . . . or that the defendant is unable to obtain a fair trial in a particular state court."). And, as this Court has recognized, defendants resort to state courts to vindicate their federal rights "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Conrad*, 871 F.2d at 615 (quoting *City of Greenwood*, 384 U.S. at 828). Winesburgh points to no law that will prevent him from protecting his rights in state court, and any argument that the Department inevitably denied his federal rights by petitioning the Juvenile Court of Hamilton County cannot withstand the above analysis.

We **AFFIRM**.